No. 44,888

The State of Kansas, *Appellee*, v. Charles Edward Myers, *Appellant.*

(438 P. 2d 55)

Opinion filed March 9, 1968.

*Robert L. Constable,* of Salina, argued the cause and was on the brief for the appellant.

*Bill Crews,* county attorney, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

Harman, C.: Charles Edward Myers appeals from a judgment and sentence imposed on his plea of guilty to the offense of burglary in the second degree.

In a directed appeal from a conviction based upon a plea of guilty our review is confined to irregularities disclosed by the record going to jurisdiction or legality of the proceedings.

The first complaint stems from an amendment made to the information. The information initially recited the name of the defendant charged therein as Edward C. Myers. In open court at the time of arraignment and prior to plea, the county attorney asked the court's permission to amend the information to identify the defendant correctly as Charles Edward Myers. Appellant's retained counsel stated there was no objection to the request. The trial court inquired of appellant if his name was Charles Edward Myers. Appellant

responded affirmatively. There is no hint of prejudice from the allowance of the amendment. Contention of error is frivolous.

Appellant next challenges the sufficiency of the information. The information charged that the appellant wilfully and burglariously broke into and entered in the nighttime a certain business building in Salina "wherein one Emma Crook was managing a business under the trade name and style of Emma's Cafe; in which building and premises were kept goods, wares, merchandise, chattels, and other valuable things, the same being the property of Emma's Cafe"; the information also stated that at the same time the appellant carried away certain described personal property "with the intent, then and there, to convert the same to his, the defendant's own use, and to permanently deprive the owner of the use thereof." Appellant argues the information is defective in that Emma's Cafe, without further characterization, was named as owner of the property offended against. The information was not challenged in any way before the trial court.

In *State v. Toliver*, 109 Kan. 660, 202 Pac. 99, 20 A. L. R. 502, the information charged that the defendant burglarized a building occupied and used by "The Durnil Dry Goods Company" as a retail store. The defendant moved to quash the information because ownership of the store building was not more specifically stated. This motion was overruled and defendant was convicted. Upon appeal he made the same contention as does appellant here. This court, speaking through Justice Burch, exhaustively reviewed applicable law and upheld the conviction, the ultimate ruling being summarized as follows:

"Under the statute of this state, making it burglary to break and enter, in the nighttime, with felonious intent, a store in which goods are kept, the essence of the crime is violation of the security of the occupancy. The person injured is the one who occupies the store by keeping goods there, and ownership of the store is properly laid in such occupant.

"In an information for burglary of a store and for larceny committed in connection with the burglary, ownership of the store and goods was alleged to be in 'The Durnil Dry Goods Company.' *Held*, it was not necessary further to identify the owner by stating whether the company were a corporation or a partnership." (Syl. ¶¶ 3, 4.)

Appellant does not suggest, nor is it apparent to us, how the asserted imperfection in the information could have prejudiced him in any way. Relief may not be granted on this score.

Finally, appellant contends the trial court erred in accepting his plea of guilty without ascertaining it was voluntarily made. The

record reveals the following: Appellant was arrested upon this charge on June 9, 1965. On June 18, 1965, being represented by retained counsel, he waived preliminary examination and was bound over by the magistrate court to the district court of Saline county, Kansas. On July 15, 1965, he first appeared in that court, again with retained counsel. He was advised of the offense with which he was charged and the penalty for that offense. Appellant's counsel stated appellant would plead guilty to the offense of burglary generally but that counsel had just learned there could be a question as to whether the specific charge should be second or third degree burglary, inasmuch as appellant had "apprised me that the offense occurred apparently during the twilight period of this day." At this point the trial court declined to accept any plea of guilty and declared a recess so counsel could confer further with appellant. At the conclusion of the recess the trial court entered a plea of not guilty in appellant's behalf.

On September 13, 1965, appellant again appeared with the same retained counsel before the trial judge. Counsel stated appellant desired to withdraw the plea of not guilty and to enter a plea of guilty. Counsel also stated he had advised appellant of the penalty prescribed for the particular offense and of his right to trial by jury. In response to inquiry by the court appellant stated he was thirty-seven years of age and that he desired to withdraw the plea of not guilty and to plead guilty to the charge; that he understood the court was required to pronounce the statutory penalty upon the plea of guilty. The court afforded appellant the right to allocution and pronounced sentence. The journal entry of the conviction recited the court made a specific finding that appellant's plea of guilty was freely and voluntarily made.

Summarized, the record reveals that appellant, of mature age and aware of his right to trial by jury and of the consequence of a plea of guilty, pleaded guilty while attended by retained counsel who had represented him upon the charge over an extended period of time. The trial court expressly found the plea was freely and voluntarily made. No circumstance in the record remotely suggests error in that conclusion or that further inquiry by the court was warranted or required. No effort was ever made to withdraw the plea of guilty. The trial court did not err in sentencing appellant.

The judgment and sentence is affirmed.

APPROVED BY THE COURT.