No. 45,308

JOHN HUNCOVSKY, *Appellant,* v. THE STATE OF KANSAS, *Appellee.*

(446 P. 2d 772)

Opinion filed November 9, 1968.

*Thomas D. Herlocker,* of Winfield, argued the cause and was on the brief for the appellant.

*Mike Smith,* County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, C. J.: This appeal is from an order denying relief in a proceeding brought under K. S. A. 60-1507.

In 1963 petitioner, being at the time represented by experienced and competent court appointed counsel, entered a plea of guilty to the charges of burglary in the first degree (K.S. A. 21-513) and larceny in connection therewith (K. S. A. 21-524) and was sentenced to confinement in the penitentiary.

In 1967 petitioner filed a motion for relief under K. S. A. 60-1507, alleging as his only ground therefor that the information did not state the owner of the building which was burglarized. As witnesses to be called in support of his motion petitioner listed himself and the attorney who represented him at the time of his plea of guilty. As pertinent to the question raised—the information charged that petitioner, in the nighttime, did—

. . . break into and enter a residence known as the residence of C. D. Snyder, located at 1316 East 10th, Winfield, Kansas, . . . in which said residence were then and there human beings, . . ."

with the intent to commit a larceny, and that he then and there stole shot gun ammunition which was the property of the said C. D. Snyder.

Upon consideration of petitioner's motion the trial court found that the information contained a sufficient statement of the owner-ship of the property which was burglarized, and that the motion, files and records of the case showed that petitioner was entitled to no relief.

In this appeal from that order—and for which new counsel was appointed—petitioner contends the court erred in failing to appoint counsel to represent him on his motion and in failing to grant a full and complete hearing thereon.

Neither contention has merit. No issues of fact were presented by the motion and there was no necessity for petitioner's presence. As to the one question of law—the sufficiency of the information—the court had that document before it for consideration.

It further is contended the court erred in holding the information to be sufficient. This contention likewise is without merit. The point is covered in *State v. Myers,* 200 Kan. 560, 561, 438 P. 2d 55, and requires no further discussion. The trial court was correct in holding the information contained a sufficient statement of the ownership of the property which was burglarized.

The judgment is affirmed.